IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATWARBHAI PANCHAL and LILABEN PANCHAL,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security; and ANGELICA ALFONSO-REYES, Acting USCIS Director, U.S. Citizenship & Immigration Services,<br><br>　　　　　　　Defendants. | **8:25CV444**<br><br>**ORDER** |

　　　　Plaintiffs Natwarbhai Panchal ("Natwarbhai") and Lilaben Panchal ("Lilaben" and together, the "Panchals") are both natives and citizens of India who reside in Falls City, Nebraska. On July 9, 2025, they petitioned the Court for a Writ of Mandamus, Declaratory Judgment and Other Relief (Filing No. 1). *See* 28 U.S.C. 1361; 5 U.S.C. §§ 555(b), 702; 8 U.S.C. § 1101 *et seq.* Claiming unreasonable delay in their administrative proceedings, they request that the Court direct the United States Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("USCIS") "to place them on the waiting list in relation to their U Visa [filed on or about April 5, 2024] or conduct a bona fide determination, and issue work authorization." *See* 8 U.S.C. § 1101(a)(15)(U).

　　　　On September 22, 2025, defendants Kristi Noem, Secretary of DHS, and Angelica Alfonso-Reyes, Acting Director of the USCIS (together, the "government"), filed a Notice of Mootness of Action (Filing No. 7) indicating "that this action is moot because [the Panchals] have received the relief sought in the Complaint." In particular, the government states that the USCIS issued Natwarbhai a bona fide determination notice ("BFD notice") dated July 19, 2025, and an approval notice of an employment authorization document

("EAD") dated August 9, 2025. It likewise issued Lilaben a BFD notice and an EAD, each dated August 9, 2025. The government asks the Court to dismiss this action as moot.

In response (Filing No. 8), the Panchals acknowledge that the aforementioned BFD notices and EADs did issue but point out that some of the documents have their names misspelled. They seem to ask the Court to order the government to reissue the documents with the misspellings corrected.

The government replies that any needed corrections should come through USCIS's standard processes, which the Panchals have already started. The Court agrees.

While unfortunate, the misspellings are not well-suited for mandamus or declaratory relief. *See, e.g.*, *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) ("[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."); *In re Lombardi*, 741 F.3d 888, 894 (8th Cir. 2014) ("To obtain a writ of mandamus, the petitioning party must satisfy the court that he has 'no other adequate means to attain the relief he desires.'" (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004))); *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (requiring the petitioner to show he had "no other adequate remedy").

Because the Panchals have administratively received the substantive relief they sought in their complaint and have alternative means to correct the misspelling of their names, their request for a Writ of Mandamus, Declaratory Judgment and Other Relief is denied as moot. This case is dismissed without prejudice.

Dated this 7th day of October 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge